UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEWIS JONES, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH THOMPSON and DIANE THEWS, <br><br> Defendants. | CAUSE NO. 3:21-CV-19-DRL-MGG |

OPINION AND ORDER

Lewis Jones, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983, alleging he received inadequate medical care at Indiana State Prison (ISP). A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

According to the complaint, back in 2017, Mr. Jones was having medical problems, and Dr. Joseph Thompson ordered lab tests that indicated the possibility of cancer. ECF 1 ¶¶ 1-2. Dr. Thompson, however, failed to investigate or provide any medical treatment. *Id.* ¶ 2. Similarly, Mr. Jones alleges that in 2018, Dr. Diane Thews ordered lab tests that indicated the possibility of cancer, but she also failed to investigate or provide any

medical treatment. *Id.* ¶ 3. In December 2019, further testing revealed that Mr. Jones had stage 4 cancer. *Id.* at 9. Part of his colon was surgically removed, and he was transferred to Wabash Valley Correctional Facility Infirmary, where his cancer treatment continues. *Id.* ¶¶ 9-10.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish

deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). In fact, "medical professionals are not required to provide 'proper' medical treatment to prisoners, but rather they must provide medical treatment that reflects 'professional judgment, practice, or standards.'" *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). That said, when "prison officials utterly fail to provide care for a serious medical condition, the constitutional violation is obvious." *Campbell v. Kallas*, 936 F.3d 536, 548 (7th Cir. 2019).

Here, the complaint is light on details about Mr. Jones' medical care at ISP. It is possible that both doctors were not deficient or were merely negligent in failing to diagnose Mr. Jones' cancer, which is not enough for § 1983 liability. But Mr. Jones alleges he received no medical care following the abnormal tests, which allows this case to move beyond the screening stage for further factual development.

For these reasons, the court:

(1) GRANTS Lewis Jones leave to proceed against Joseph Thompson and Diane Thews for compensatory and punitive damages for providing constitutionally inadequate medical care relating to his cancer diagnosis in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Joseph Thompson and Diane Thews at Wexford of Indiana, LLC, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS Wexford of Indiana, LLC, to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Joseph Thompson and Diane Thews, if either of them does not waive service and if it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Joseph Thompson and Diane Thews to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 22, 2021

*s/ Damon R. Leichty*
Judge, United States District Court