UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEWIS JONES, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH THOMPSON and DIANE THEWS, <br><br> Defendants. | CAUSE NO. 3:21-CV-19 DRL-MGG |

OPINION AND ORDER

Lewis Jones, a prisoner without a lawyer, is proceeding in this case "against Joseph Thompson and Diane Thews for compensatory and punitive damages for providing constitutionally inadequate medical care relating to his cancer diagnosis in violation of the Eighth Amendment[.]" ECF 13 at 3. Specifically, Mr. Jones alleged in his complaint the defendants failed to investigate lab tests indicating the possibility of cancer while he was housed at Indiana State Prison (ISP) in 2017 and 2018. ECF 2 at 3. Further, Mr. Jones alleged he was diagnosed with Stage 4 cancer in December 2019, had surgery to remove part of his colon, and was then transferred from ISP to Wabash Valley Correctional Facility (WVCF) where he received additional treatment. *Id.* The defendants moved for summary judgment, arguing Mr. Jones did not exhaust his administrative remedies before filing suit. ECF 27. Mr. Jones filed a response, and the defendants filed a reply. ECF 52, 58. The court will now rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a

matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The defendants argue Mr. Jones did not exhaust his available administrative remedies because he never submitted any grievance at ISP regarding his claims in this lawsuit. ECF 28 at 16-17. In response, Mr. Jones argues he had no available administrative remedies to exhaust. ECF 52. Specifically, Mr. Jones argues he was transferred from ISP to WVCF immediately after his diagnosis and surgery in December 2019[1] and attempted to submit a grievance at WVCF, but WVCF's staff informed Mr. Jones he could not grieve conduct that had occurred at a different facility. *Id.* at 5-6. Mr. Jones provides a copy of the grievance he attempted to submit at WVCF. ECF 52-2 at 7.

Here, the Offender Grievance Process provides that an offender may pursue a formal written grievance at a facility from which he has been transferred only if (a) the formal grievance was initiated prior to the transfer, or (b) the grievance complains of a transfer of property or funds and is initiated within 20 working days from the date of transfer. ECF 29-1 at 36, 52. Mr. Jones' complaint against the defendants did not meet either of these requirements. First, it was not possible for Mr. Jones to submit a grievance prior to his transfer to WVCF, as he first learned of his cancer diagnosis when he was taken to the hospital in December 2019 and was then immediately transferred to WVCF

---

[1] In their reply, the defendants assert Mr. Jones was diagnosed with cancer and had surgery in January 2019 and was then transferred to WVCF in December 2019. ECF 58 at 2, 4. However, the defendants support this assertion only by citing to Mr. Jones' complaint, in which he states his diagnosis and surgery occurred in December 2019. In fact, nowhere in the complaint is a January 2019 date mentioned, so defendants' reliance on this date is puzzling. Thus, because the defendants offer no evidence to the contrary, the court accepts as undisputed that Mr. Jones was diagnosed and had surgery in December 2019 and was immediately transferred to WVCF.

following his surgery. Mr. Jones could not have known of his complaint against the defendants before his cancer diagnosis. Second, Mr. Jones' complaint against the defendants did not involve the transfer of property or funds. Thus, Mr. Jones never had an available administrative remedy at WVCF to complain of conduct that occurred at ISP.[2] Because on this record Mr. Jones never had an opportunity to submit a grievance at either ISP or WVCF, he never had any available administrative remedy.

Accordingly, because the undisputed evidence shows Mr. Jones never had any available administrative remedy to exhaust, the defendants have not met their burden to show failure to exhaust. *See Woodford*, 548 U.S. at 102. For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 27). The case will proceed to discovery on the merits of Mr. Jones' claims.

SO ORDERED.

March 14, 2022                                  *s/ Damon R. Leichty*
                                                             Judge, United States District Court

---

[2] In their reply, the defendants argue the grievance Mr. Jones submitted at WVCF was deficient in several ways. ECF 58 at 4-6. However, these arguments are not material because Mr. Jones never had an available administrative remedy at WVCF.